Charles H. Chevalier
**Gibbons P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Phone: (973) 596-4500
cchevalier@gibbonslaw.com

OF COUNSEL
David I. Berl
Christopher J. Mandernach
Michael Xun Liu
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., WARNER-LAMBERT COMPANY LLC, PF PRISM C.V., PFIZER MANUFACTURING HOLDINGS LLC, and PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V.<br><br>*Plaintiffs*,<br><br>v.<br><br>AIZANT DRUG RESEARCH SOLUTIONS PVT. LTD. and MAKRO TECHNOLOGIES INC.<br><br>*Defendants*. | C.A. No. _____ |

### COMPLAINT

1

Pfizer Inc., Warner-Lambert Company LLC, PF PRISM C.V., Pfizer Manufacturing Holdings LLC, and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. (collectively, "Pfizer") file this Complaint for patent infringement against Aizant Drug Research Solutions Pvt. Ltd. and Makro Technologies Inc. (collectively, "Aizant"), and by their attorneys, hereby allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Aizant's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of IBRANCE® (Palbociclib) capsules, 75 mg, 100 mg, and 125 mg, prior to the expiration of U.S. Patent No. 6,936,612 ("the '612 patent"); U.S. Patent No. 7,208,489 ("the '489 patent"); and U.S. Patent No. 7,456,168 ("the '168 patent"). These three patents are referred to collectively herein as "the patents-in-suit."

2. Aizant Drug Research Solutions Pvt. Ltd. notified Pfizer by letter dated March 27, 2019 ("Aizant's Notice Letter") that Makro Technologies Inc., a U.S. Agent for Aizant Drug Research Solutions Pvt. Ltd., had submitted to the FDA ANDA No. 213152 ("Aizant's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic Palbociclib capsules, 75mg, 100 mg, and 125 mg ("Aizant's ANDA Product") prior to the expiration of the patents-in-suit.

**PARTIES**

3. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the

State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017. Pfizer Inc. is the holder of New Drug Application ("NDA") No. 207103 for the manufacture and sale of palbociclib tablets, 75 mg, 100 mg and 125 mg, which has been approved by the FDA.

4.    Plaintiff Warner-Lambert Company LLC is a limited liability company organized and existing under the laws of the State of Delaware, and having a place of business at 235 East 42nd Street, New York, New York 10017.

5.    Plaintiff PF PRISM C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, that for all purposes is represented by and acting through its general partner Pfizer Manufacturing Holdings LLC, a limited liability company organized under the laws of the State of Delaware, and having its address at 235 East 42nd Street, New York, New York 10017.

6.    Plaintiff Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

7.    Upon information and belief, defendant Aizant Drug Research Solutions Pvt. Ltd. is a company organized and existing under the laws of the Republic of India with its principal place of business at Sy No. 172 & 173, Apparel Park Road, Dulapally Village, Quthbullapur Mandal, Hyderabad 500014, India. Upon information and belief, Aizant is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs.

3

8.     Upon information and belief, defendant Makro Technologies Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 4 Independence Way, Suite 110, Princeton, New Jersey 08540.  Upon information and belief, Makro Technologies Inc. acted as a U.S. agent for the submission of Aizant's ANDA to the FDA.

9.     Upon information and belief, Aizant knows and intends that upon approval of Aizant's ANDA, Aizant will manufacture Aizant's ANDA Product, and will directly or indirectly market, sell, and distribute Aizant's ANDA Product throughout the United States, including in New Jersey.

### JURISDICTION

10.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

11.     Aizant Drug Research Solutions Pvt. Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Aizant Drug Research Solutions Pvt. Ltd. has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Aizant Drug Research Solutions Pvt. Ltd. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey and therefore transacts business within the State of New Jersey related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

12.     Makro Technologies, Inc. is subject to personal jurisdiction in New Jersey because,

4

among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Makro Technologies, Inc., acting as an agent for Aizant Drug Research Solutions Pvt. Ltd, filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to challenge Pfizer's patents on IBRANCE®.  Makro Technologies, Inc. is a corporation organized and existing under the laws of the State of New Jersey, is qualified to do business in New Jersey, and has appointed a registered agent for service of process in New Jersey.

13.    Aizant has previously used the process contemplated by the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

14.    Upon information and belief, if Aizant's ANDA is approved, Aizant will directly or indirectly manufacture, market, sell, and/or distribute Aizant's ANDA Product within the United States, including in New Jersey, consistently with Aizant's practices for the marketing and distribution of other generic pharmaceutical products.  Upon information and belief, Aizant regularly does business in New Jersey, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey.  Upon information and belief, Aizant's

5

generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey. Upon information and belief, Aizant's ANDA Product will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Each of these activities would have a substantial effect within New Jersey and would constitute infringement of Pfizer's patents in the event that Aizant's ANDA Product is approved before the patents expire.

15. Upon information and belief, Aizant derives substantial revenue from generic pharmaceutical products that are used and/or consumed within New Jersey, and which are manufactured by Aizant and/or for which Aizant is the named applicant on approved ANDAs. Upon information and belief, various products for which Aizant is the named applicant on approved ANDAs are available at retail pharmacies in New Jersey.

## COUNT I - INFRINGEMENT OF THE '612 PATENT

16. Pfizer incorporates each of the preceding paragraphs 1–15 as if fully set forth herein.

17. The inventors named on the '612 patent are Mark Barvian, Richard J. Booth, John Quin, III, Joseph T. Repine, Derek J. Sheehan, Peter L. Toogood, Scott N. Vanderwel, and Hairong Zhou.

18. The '612 patent, entitled "2-(Pyridin-2-ylamino)-pyrido[2,3-d]pyrimidin-7-ones" (attached as Exhibit A), was duly and legally issued on August 30, 2005.

19. Pfizer is the owner and assignee of the '612 patent.

20. Claim 1 of the '612 patent recites "[a] compound which is 6-Acetyl-8-cyclopentyl-

6

5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one."

21.     Claim 2 of the '612 patent recites "A pharmaceutical composition comprising a therapeutically effective amount of the compound according to claim 1 and a pharmaceutical carrier therefor."

22.     IBRANCE® is covered by claims 1 and 2 of the '612 patent, and the '612 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

23.     In Aizant's Notice Letter, Aizant notified Pfizer of the submission of Aizant's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aizant's ANDA Product prior to the expiration of the '612 patent.

24.     In Aizant's Notice Letter, Aizant also notified Pfizer that, as part of Aizant's ANDA, Aizant had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '612 patent.  On information and belief, Aizant submitted Aizant's ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '612 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product.

25.     Aizant's ANDA Product and the use of Aizant's ANDA Product are covered by claims 1 and 2 of the '612 patent.

26.     In Aizant's Notice Letter, Aizant did not contest the infringement of claim 1 or 2 of the '612 patent on any basis other than the alleged invalidity of those claims.

27. Aizant's submission of Aizant's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product before the expiration of the '612 patent was an act of infringement of the '612 patent under 35 U.S.C. § 271(e)(2)(A).

28. On information and belief, Aizant will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aizant's ANDA Product immediately and imminently upon approval of Aizant's ANDA.

29. The manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product would infringe claims 1 and 2 of the '612 patent.

30. On information and belief, the manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe claims 1 and 2 of the '612 patent.

31. On information and belief, Aizant plans and intends to, and will, actively induce infringement of the '612 patent when Aizant's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Aizant's activities will be done with knowledge of the '612 patent and specific intent to infringe that patent.

32. On information and belief, Aizant knows that Aizant's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '612 patent, that Aizant's ANDA Product is not a staple article or commodity of commerce, and that Aizant's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Aizant plans and intends to, and will, contribute to infringement of the

8

'612 patent immediately and imminently upon approval of Aizant's ANDA.

33.     Notwithstanding Aizant's knowledge of the claims of the '612 patent, Aizant has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aizant's ANDA Product with its product labeling following FDA approval of Aizant's ANDA prior to the expiration of the '612 patent.

34.     The foregoing actions by Aizant constitute and/or will constitute infringement of the '612 patent; active inducement of infringement of the '612 patent; and contribution to the infringement by others of the '612 patent.

35.     On information and belief, Aizant has acted with full knowledge of the '612 patent and without a reasonable basis for believing that it would not be liable for infringement of the '612 patent; active inducement of infringement of the '612 patent; and/or contribution to the infringement by others of the '612 patent.

36.     Pfizer will be substantially and irreparably damaged by Aizant's infringement of the '612 patent.

37.     Unless Aizant is enjoined from infringing the '612 patent, actively inducing infringement of the '612 patent, and contributing to the infringement by others of the '612 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

## COUNT II - DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE '612 PATENT

38.     Pfizer incorporates each of the preceding paragraphs 1–37 as if fully set forth herein.

39.     The Court may declare the rights and legal relations of the parties pursuant to

9

28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Aizant on the other regarding Aizant's infringement, active inducement of infringement, and contribution to the infringement by others of the '612 patent, and/or validity of the '612 patent.

40.    Claim 1 of the '612 patent recites "[a] compound which is 6-Acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one."

41.    Claim 2 of the '612 patent recites "A pharmaceutical composition comprising a therapeutically effective amount of the compound according to claim 1 and a pharmaceutical carrier therefor."

42.    In Aizant's Notice Letter, Aizant notified Pfizer of the submission of Aizant's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aizant's ANDA Product prior to the expiration of the '612 patent.

43.    In Aizant's Notice Letter, Aizant also notified Pfizer that, as part of Aizant's ANDA, Aizant had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '612 patent.  On information and belief, Aizant submitted Aizant's ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '612 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product.

44.    Aizant's ANDA Product and the use of Aizant's ANDA Product are covered by

claims 1 and 2 of the '612 patent.

45.    In Aizant's Notice Letter, Aizant did not contest the infringement of claim 1 or 2 of the '612 patent on any basis other than the alleged invalidity of those claims.

46.    On information and belief, Aizant will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aizant's ANDA Product immediately and imminently upon approval of Aizant's ANDA.

47.    The manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product would infringe claims 1 and 2 of the '612 patent.

48.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe claims 1 and 2 of the '612 patent.

49.    On information and belief, Aizant plans and intends to, and will, actively induce infringement of the '612 patent when Aizant's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Aizant's activities will be done with knowledge of the '612 patent and specific intent to infringe that patent.

50.    On information and belief, Aizant knows that Aizant's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '612 patent, that Aizant's ANDA Product is not a staple article or commodity of commerce, and that Aizant's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Aizant plans and intends to, and will, contribute to infringement of the '612 patent immediately and imminently upon approval of Aizant's ANDA.

11

51.     Notwithstanding Aizant's knowledge of the claims of the '612 patent, Aizant has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aizant's ANDA Product with its product labeling following FDA approval of Aizant's ANDA prior to the expiration of the '612 patent.

52.     The foregoing actions by Aizant constitute and/or will constitute infringement of the '612 patent; active inducement of infringement of the '612 patent; and contribution to the infringement by others of the '612 patent.

53.     On information and belief, Aizant has acted with full knowledge of the '612 patent and without a reasonable basis for believing that it would not be liable for infringement of the '612 patent; active inducement of infringement of the '612 patent; and/or contribution to the infringement by others of the '612 patent.

54.     Pfizer will be substantially and irreparably damaged by infringement of the '612 patent.

55.     The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Aizant's ANDA Product with its proposed labeling, or any other Aizant drug product that is covered by or whose use is covered by the '612 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '612 patent, and that the claims of the '612 patent are not invalid.

### COUNT III - INFRINGEMENT OF THE '489 PATENT

56.     Pfizer incorporates each of the preceding paragraphs 1–55 as if fully set forth herein.

57.     The inventors named on the '489 patent are Mark Barvian, Richard J. Booth, John Quin, III, Joseph T. Repine, Derek J. Sheehan, Peter L. Toogood, Scott N. Vanderwel, and Hairong Zhou.

58.     The '489 patent, entitled "2-(pyridin-2-ylamino)-pyrido [2,3-d]pyrimidin-7-ones" (attached as Exhibit B), was duly and legally issued on April 24, 2007.

59.     Pfizer is the owner and assignee of the '489 patent.

60.     The '489 patent claims, *inter alia*, a compound of the formula recited in claim 1 of the '489 patent.

61.     IBRANCE® is covered by one or more claims of the '489 patent, including claim 1 of the '489 patent, and the '489 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

62.     In Aizant's Notice Letter, Aizant notified Pfizer of the submission of Aizant's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aizant's ANDA Product prior to the expiration of the '489 patent.

63.     In Aizant's Notice Letter, Aizant also notified Pfizer that, as part of Aizant's ANDA, Aizant had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '489 patent.  On information and belief, Aizant submitted Aizant's ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '489 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA

13

Product.

64.     Aizant's ANDA Product and the use of Aizant's ANDA Product are covered by at least claims 1–7 and 9 of the '489 patent.

65.     In Aizant's Notice Letter, Aizant did not contest the infringement of claim 1–7 and 9 of the '489 patent on any basis other than the alleged invalidity of those claims.

66.      Aizant's submission of Aizant's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product before the expiration of the '489 patent was an act of infringement of the '489 patent under 35 U.S.C. § 271(e)(2)(A).

67.     On information and belief, Aizant will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aizant's ANDA Product immediately and imminently upon approval of Aizant's ANDA.

68.     The manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

69.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

70.     On information and belief, Aizant plans and intends to, and will, actively induce infringement of the '489 patent when Aizant's ANDA is approved, and plans and intends to, and

14

will, do so immediately and imminently upon approval. Aizant's activities will be done with knowledge of the '489 patent and specific intent to infringe that patent.

71. On information and belief, Aizant knows that Aizant's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '489 patent, that Aizant's ANDA Product is not a staple article or commodity of commerce, and that Aizant's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Aizant plans and intends to, and will, contribute to infringement of the '489 patent immediately and imminently upon approval of Aizant's ANDA.

72. Notwithstanding Aizant's knowledge of the claims of the '489 patent, Aizant has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aizant's ANDA Product with its product labeling following FDA approval of Aizant's ANDA prior to the expiration of the '489 patent.

73. The foregoing actions by Aizant constitute and/or will constitute infringement of the '489 patent; active inducement of infringement of the '489 patent; and contribution to the infringement by others of the '489 patent.

74. On information and belief, Aizant has acted with full knowledge of the '489 patent and without a reasonable basis for believing that it would not be liable for infringement of the '489 patent; active inducement of infringement of the '489 patent; and/or contribution to the infringement by others of the '489 patent.

75. Pfizer will be substantially and irreparably damaged by Aizant's infringement of the '489 patent.

15

76.    Unless Aizant is enjoined from infringing the '489 patent, actively inducing infringement of the '489 patent, and contributing to the infringement by others of the '489 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

### COUNT IV - DECLARATORY JUDGMENT
### OF INFRINGEMENT OF THE '489 PATENT

77.    Pfizer incorporates each of the preceding paragraphs 1–76 as if fully set forth herein.

78.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Aizant on the other regarding Aizant's infringement, active inducement of infringement, and contribution to the infringement by others of the '489 patent, and/or validity of the '489 patent.

79.    The '489 patent claims, *inter alia*, a compound of the formula recited in claim 1 of the '489 patent.

80.    In Aizant's Notice Letter, Aizant notified Pfizer of the submission of Aizant's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aizant's ANDA Product prior to the expiration of the '489 patent.

81.    In Aizant's Notice Letter, Aizant also notified Pfizer that, as part of Aizant's ANDA, Aizant had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '489 patent.  On information and belief, Aizant submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C.

§ 355(j)(2)(A)(vii)(IV) asserting that the '489 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product.

82.     Aizant's ANDA Product and the use of Aizant's ANDA Product are covered by at least claims 1–7 and 9 of the '489 patent.

83.     In Aizant's Notice Letter, Aizant did not contest the infringement of claim 1–7 and 9 of the '489 patent on any basis other than the alleged invalidity of those claims.

84.     Aizant's submission of Aizant's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product before the expiration of the '489 patent was an act of infringement of the '489 patent under 35 U.S.C. § 271(e)(2)(A).

85.     On information and belief, Aizant will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aizant's ANDA Product immediately and imminently upon approval of Aizant's ANDA.

86.     The manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

87.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

88.     On information and belief, Aizant plans and intends to, and will, actively induce infringement of the '489 patent when Aizant's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Aizant's activities will be done with knowledge of the '489 patent and specific intent to infringe that patent.

89.     On information and belief, Aizant knows that Aizant's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '489 patent, that Aizant's ANDA Product is not a staple article or commodity of commerce, and that Aizant's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Aizant plans and intends to, and will, contribute to infringement of the '489 patent immediately and imminently upon approval of Aizant's ANDA.

90.     Notwithstanding Aizant's knowledge of the claims of the '489 patent, Aizant has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aizant's ANDA Product with its product labeling following FDA approval of Aizant's ANDA prior to the expiration of the '489 patent.

91.     The foregoing actions by Aizant constitute and/or will constitute infringement of the '489 patent; active inducement of infringement of the '489 patent; and contribution to the infringement by others of the '489 patent.

92.     On information and belief, Aizant has acted with full knowledge of the '489 patent and without a reasonable basis for believing that it would not be liable for infringement of the '489 patent; active inducement of infringement of the '489 patent; and/or contribution to the infringement by others of the '489 patent.

18

93.    Pfizer will be substantially and irreparably damaged by infringement of the '489 patent.

94.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Aizant's ANDA Product with its proposed labeling, or any other Aizant drug product that is covered by or whose use is covered by the '489 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '489 patent, and that the claims of the '489 patent are not invalid.

## COUNT V - INFRINGEMENT OF THE '168 PATENT

95.    Pfizer incorporates each of the preceding paragraphs 1–94 as if fully set forth herein.

96.    The inventors named on the '168 patent are Mark Barvian, Richard J. Booth, John Quin, III, Joseph T. Repine, Derek J. Sheehan, Peter L. Toogood, Scott N. Vanderwel, and Hairong Zhou.

97.    The '168 patent, entitled "2-(pyridin-2-ylamino)-pyrido [2,3-d]pyrimidin-7-ones" (attached as Exhibit C), was duly and legally issued on November 25, 2008.

98.    Pfizer is the owner and assignee of the '168 patent.

99.    The '168 patent claims, *inter alia*, "[a] method of treating breast cancer in a mammal comprising administering to said mammal an amount of a compound of" the formula recited in claim 1 of the '168 patent.

100.    IBRANCE®, as well as methods of using IBRANCE®, are covered by one or more claims of the '168 patent, including claim 1 of the '168 patent, and the '168 patent has been listed

19

in connection with IBRANCE® in the FDA's Orange Book.

101.    In Aizant's Notice Letter, Aizant notified Pfizer of the submission of Aizant's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aizant's ANDA Product prior to the expiration of the '168 patent.

102.    In Aizant's Notice Letter, Aizant also notified Pfizer that, as part of Aizant's ANDA, Aizant had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '168 patent.  On information and belief, Aizant submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '168 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product.

103.    The use of Aizant's ANDA Product is covered by claims 1–4 of the '168 patent.

104.    In Aizant's Notice Letter, Aizant did not contest the infringement of claim 1–4 of the '168 patent on any basis other than the alleged invalidity of those claims.

105.    Aizant's submission of Aizant's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product before the expiration of the '168 patent was an act of infringement of the '168 patent under 35 U.S.C. § 271(e)(2)(A).

106.    On information and belief, Aizant will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aizant's ANDA Product immediately

and imminently upon approval of Aizant's ANDA.

107. The manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product would directly and/or indirectly infringe claims 1–4 of the '168 patent.

108. On information and belief, the manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product in accordance with, and as directed by, its proposed product labeling would directly and/or indirectly infringe claims 1–4 of the '168 patent.

109. On information and belief, Aizant plans and intends to, and will, actively induce infringement of the '168 patent when Aizant's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Aizant's activities will be done with knowledge of the '168 patent and specific intent to infringe that patent.

110. On information and belief, Aizant knows that Aizant's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '168 patent, that Aizant's ANDA Product is not a staple article or commodity of commerce, and that Aizant's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Aizant plans and intends to, and will, contribute to infringement of the '168 patent immediately and imminently upon approval of Aizant's ANDA.

111. Notwithstanding Aizant's knowledge of the claims of the '168 patent, Aizant has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aizant's ANDA Product with its product labeling following FDA approval of Aizant's ANDA prior to the expiration of the '168 patent.

112. The foregoing actions by Aizant constitute and/or will constitute infringement of

21

the '168 patent; active inducement of infringement of the '168 patent; and contribution to the infringement by others of the '168 patent.

113.    On information and belief, Aizant has acted with full knowledge of the '168 patent and without a reasonable basis for believing that it would not be liable for infringement of the '168 patent; active inducement of infringement of the '168 patent; and/or contribution to the infringement by others of the '168 patent.

114.    Pfizer will be substantially and irreparably damaged by Aizant's infringement of the '168 patent.

115.    Unless Aizant is enjoined from infringing the '168 patent, actively inducing infringement of the '168 patent, and contributing to the infringement by others of the '168 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

## COUNT VI - DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '168 PATENT

116.    Pfizer incorporates each of the preceding paragraphs 1–115 as if fully set forth herein.

117.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Aizant on the other regarding Aizant's infringement, active inducement of infringement, and contribution to the infringement by others of the '168 patent, and/or validity of the '168 patent.

118.    The '168 patent claims, *inter alia*, "[a] method of treating breast cancer in a mammal comprising administering to said mammal an amount of a compound of" the formula

22

recited in claim 1 of the '168 patent.

119.    In Aizant's Notice Letter, Aizant notified Pfizer of the submission of Aizant's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aizant's ANDA Product prior to the expiration of the '168 patent.

120.    In Aizant's Notice Letter, Aizant also notified Pfizer that, as part of Aizant's ANDA, Aizant had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '168 patent.  On information and belief, Aizant submitted Aizant's ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '168 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product.

121.    The use of Aizant's ANDA Product is covered by claims 1–4 of the '168 patent.

122.    In Aizant's Notice Letter, Aizant did not contest the infringement of claim 1–4 of the '168 patent on any basis other than the alleged invalidity of those claims.

123.     Aizant's submission of Aizant's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aizant's ANDA Product before the expiration of the '168 patent was an act of infringement of the '168 patent under 35 U.S.C. § 271(e)(2)(A).

124.    On information and belief, Aizant will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aizant's ANDA Product immediately

23

and imminently upon approval of Aizant's ANDA.

125. The manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product would directly and/or indirectly infringe claims 1–4 of the '168 patent.

126. On information and belief, the manufacture, use, sale, offer for sale, or importation of Aizant's ANDA Product in accordance with, and as directed by, its proposed product labeling would directly and/or indirectly infringe claims 1–4 of the '168 patent.

127. On information and belief, Aizant plans and intends to, and will, actively induce infringement of the '168 patent when Aizant's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Aizant's activities will be done with knowledge of the '168 patent and specific intent to infringe that patent.

128. On information and belief, Aizant knows that Aizant's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '168 patent, that Aizant's ANDA Product is not a staple article or commodity of commerce, and that Aizant's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Aizant plans and intends to, and will, contribute to infringement of the '168 patent immediately and imminently upon approval of Aizant's ANDA.

129. Notwithstanding Aizant's knowledge of the claims of the '168 patent, Aizant has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aizant's ANDA Product with its product labeling following FDA approval of Aizant's ANDA prior to the expiration of the '168 patent.

130. The foregoing actions by Aizant constitute and/or will constitute infringement of

24

the '168 patent; active inducement of infringement of the '168 patent; and contribution to the infringement by others of the '168 patent.

131. On information and belief, Aizant has acted with full knowledge of the '168 patent and without a reasonable basis for believing that it would not be liable for infringement of the '168 patent; active inducement of infringement of the '168 patent; and/or contribution to the infringement by others of the '168 patent.

132. Pfizer will be substantially and irreparably damaged by infringement of the '168 patent.

133. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Aizant's ANDA Product with its proposed labeling, or any other Aizant drug product that is covered by or whose use is covered by the '168 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '168 patent, and that the claims of the '168 patent are not invalid.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

(a) A judgment that each of the patents-in-suit has been infringed under 35 U.S.C. § 271(e)(2) by Aizant's submission to the FDA of Aizant's ANDA;

(b) A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Aizant's ANDA Products, or any other drug product that infringes or the use of which infringes one or more of the patents-in-suit, be not earlier than the latest of the expiration dates of said patents, inclusive of any extension(s) and additional

period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Aizant, and all persons acting in concert with Aizant, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Aizant's ANDA Products, or any other drug product covered by or whose use is covered by one or more of the patents-in-suit, prior to the expiration of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Aizant's ANDA Products, or any other drug product which is covered by or whose use is covered by one-or-more of the patents-in-suit, prior to the expiration of said patents, will infringe, induce the infringement of, and contribute to the infringement by others of, said patents;

(e)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f)    Costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.


Dated: April 29, 2019                    By: s/ Charles H. Chevalier_____
                                         Charles H. Chevalier
                                         **Gibbons P.C.**
                                         One Gateway Center
                                         Newark, New Jersey 07102-5310
                                         Phone: (973) 596-4500
                                         cchevalier@gibbonslaw.com

                                         OF COUNSEL
                                         David I. Berl

26

Christopher J. Mandernach
Michael Xun Liu
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for Plaintiffs*